# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

CIAABATTINO RAPHAEL MCSHAN,
a/k/a Mark Harrell,
　　　　　　*Defendant-Appellant.*

No. 01-4984

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-00-111)

Submitted: June 19, 2002

Decided: July 15, 2002

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jacqueline A. Hallinan, HALLINAN LAW OFFICE, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa A. Green, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ciabattino Raphael McShan, a.k.a. Mark Harrell, appeals his conviction and 160 month sentence for conspiring to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001), and aiding and abetting possession with intent to distribute more than five grams of cocaine base, in violation of 18 U.S.C. § 2 (1994), 21 § 841(a)(1) (West 1999 & Supp. 2001).*

On appeal, McShan argues the district court erred in disallowing his expert psychologist from testifying on her opinions as to whether McShan suffered from a diminished capacity to form the intent required to establish his guilt (the "diminished capacity issue"). We review this claim for abuse of discretion. *United States v. Johnson*, 219 F.3d 349, 358 (4th Cir. 2000); *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994).

McShan's psychologist did not address the diminished capacity issue in her written report on McShan, and McShan makes no claim to have provided the Government with any other summary of the psychologist's opinions, the bases and reasons for those opinions, and the psychologist's qualifications in response to his Fed. R. Crim. P. 16(b)(1)(C) disclosure obligations. Nor does McShan argue that Rule 16 does not apply to him in the instant case. His failure to address the diminished capacity issue in his disclosure to the government is fatal to his appeal. We hold that appellant was not in compliance with the disclosure requirements of Fed. R. Crim. P. 16(b)(1)(C) and that the district court did not err in excluding testimony from the psychologist on the diminished capacity issue.

---

*According to McShan, the record and the Government misspell his first name as "Ciaabattino," and the correct version is "Ciabattino."

Accordingly, we affirm McShan's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*